UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
In Admiralty

Case No.: 8:23-cv-02148-KKM-CPT

ACCELERANT SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.

Z & G BOAT AND JET SKI
RENTALS, INC. d/b/a BLIND PASS
BOAT AND JET SKI RENTAL,

    Defendants.             /

**PLAINTIFF'S MOTION TO DISMISS**
**COUNT I OF DEFENDANT'S COUNTERCLAIM**

Plaintiff, ACCELERANT SPECIALTY INSURANCE COMPANY ("Accelerant"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss Count I of Defendant, Z & G BOAT AND JET SKI RENTALS, INC. d/b/a BLIND PASS BOAT AND JET SKI RENTAL ("Blind Pass")'s Counterclaim [ECF No. 21], and in support thereof states as follows:

**1. Introduction**

This matter is a declaratory judgment action by Accelerant, arising out of a July 28, 2022, incident involving personal injuries allegedly sustained by Kristin

Birdsey while renting a boat from Blind Pass. Accelerant seeks a declaration in connection with a dispute over insurance coverage related to the incident.

On January 16, 2024, in response to Accelerant's Amended Complaint for Declaratory Relief, Blind Pass filed its Answer, Affirmative Defenses and Counterclaims. [ECF No. 21]. Blind Pass's Counterclaim asserts two counts—Count I for Declaratory Judgment and Count II for Breach of Contract [ECF No. 21, p. 13-16]. Because Count I of the Counterclaim is merely a mirror image of Accelerant's request for declaratory relief and is redundant of Count II of the Counterclaim, Count I serves no useful purpose and should be dismissed.[1]

## 2. Memorandum of Law

### 2.1. Standard for Dismissing Duplicative and Redundant Claims

When the declaratory relief sought is redundant in light of the claims raised in the complaint and/or Affirmative Defenses, federal courts favor dismissal of declaratory judgment counterclaims. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008) ("Under the federal Declaratory Judgment Act, a court maintains broad discretion over whether or not to exercise jurisdiction over claims."); *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F.

---

[1] A party need not file an answer to the un-challenged counts while a partial motion to dismiss is pending. *Jacques v. First Liberty Ins. Corp.*, No. 8:16-cv-1240-T-23TBM, 2016 WL 3221082, at *1 (M.D. Jun. 9, 2016); *Raptor, LLC v. Odebrecht Constr., Inc.*, No. 17-21509-CIV-ALTONAGA/Goodman, 2018 WL 11352677, at *1 (S.D. Fla. Jan. 10, 2018). Accelerant has elected to not file an answer while this motion is pending.

Supp. 2d 1214, 1217 (S.D. Fla. 2011) ("A number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses."). "[A]lthough federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to consideration of practicality and wise judicial administration." *Mount v. America's Insured, LLC*, No. 6:22-cv-2051-PGB-EJK, 2023 WL 4455548, at *5 (M.D. Fla. July 11, 2023). Thus, "[i]f a district court determines that a complaint requesting a declaratory judgment will not serve a useful purpose, the court cannot be required to proceed to the merits before dismissing the complaint." *Medmarc*, 783 F. Supp. 2d at 1216. In determining the usefulness of a claim, courts may consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *It's a 10, Inc. v. Beauty Elite Grp.,Inc.*, No. 13-60154-CIV, 2013 WL 4543796, at *2 (S.D. Fla. Aug. 27, 2013).

For example, in *FairWarning IP, LLC v. CynergisTek, Inc.*, No. 8:15-CV-100-T-23AEP, 2015 WL 5430355, at *2 (M.D. Fla. Sept. 14, 2015), Judge Merryday explained that "[b]ecause the counterclaims duplicate [defendant's] fourth and fifth affirmative defenses, the requests for a declaratory judgment will not serve a useful purpose." *See also United States ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, No. 13-22536-CIV, 2014 WL 186125, at *5 (S.D. Fla.

Jan. 16, 2014) ("Because the resolution of [the plaintiff's] claims and [the defendant's] defenses thereto would resolve the questions raised in [the defendant's] counterclaim, the Court finds that the counterclaim for declaratory judgment serves no useful purpose.").

  **2.2.**  **Count I of Blind Pass's Counterclaim for Declaratory Relief Must Be Dismissed Because It is Redundant and Serves No Useful Purpose.**

Count I of Blind Pass's Counterclaim is a mirror image of the Amended Complaint and should be dismissed outright. Furthermore, it is also duplicative of Count II of the Counterclaim which asserts a breach of contract claim premised on the same factual allegations, resolution of which would necessarily dispose of Count I. Thus, because Blind Pass's request for declaratory judgment in Count I of the Counterclaim serves no useful purpose, it should be dismissed.

Accelerant's Amended Complaint asserts a declaratory judgment action seeking determination as to whether or not there is insurance coverage for a loss. [ECF No. 18]. Blind Pass's claim for declaratory relief is premised on the same set of facts as Accelerant's Amended Complaint and seeks the same relief—it is redundant. Furthermore, Blind Pass's affirmative defenses address the same determinative issues as Count I—whether the injured claimant, Kristin Birdsey, was a covered person under the Policy and whether Blind Pass provided late notice of the claim. *See* [ECF No. 18, ¶¶ 28, 34] and [ECF No. 21, pp. 6-8, 13-14]. There is,

therefore, no need for the Court to entertain a separate claim for declaratory judgment on the same defenses. If Blind Pass can prove them as a defense to Accelerant's request for a declaration, then Blind Pass will get what it wants. *See, e.g.*, *id.* Thus, a request for a declaration that the Policy *does* provide coverage serves no useful purpose in light of Accelerant's claim that it does not. *Tecnoglass, LLC v. Paredes*, No. 1:22-cv-22356-KMM, 2023 WL 5625684, at *3 (S.D. Fla. June 22, 2023); *Mount*, 2023 WL 4455489, at *5. Such a request is nothing but a "mirror image."

Furthermore, Blind Pass's claim for declaratory relief is premised on the same set of facts as its claim for breach of the insurance policy. Indeed, there is no practical scenario in which resolution of Count II of Blind Pass's Counterclaim for breach of contract would not dispose of the same issues raised in Count I; accordingly, it is redundant and unnecessary.

Count II of Blind Pass's Counterclaim requests a declaration that Accelerant is obligated to defend and indemnify Blind Pass in the underlying lawsuit and that Accelerant has breached its contract. [ECF No. 21, p. 16]. Count I also requests a declaration that the insurance policy at issue provides coverage and that Accelerant has a duty to defend and indemnify Blind Pass with respect to the claims asserted by the underlying claimant. [ECF No. 21 p. 14]. Indeed, Count I's requested relief is completely subsumed in the relief requested in Count II, with the exception of Count

I's request for a declaration that Concept Special Risks has a duty to defend and indemnify Blind Pass with respect to the underlying claim—a manifestly improper request considering that Concept Special Risks is not a party to the case. Furthermore, the basis for each Count relies on Blind Pass's assertions that it provided sufficient notice of the claim and that the underlying claimant was not a "Covered Person" under the Policy. *See* [ECF No. 21, pp. 13-16].

By comparing Count I of Blind Pass's Counterclaim and Accelerant's Amended Complaint, it can be readily determined that Count I is a mirror image of Accelerant's Amended Complaint and is subject to dismissal. Furthermore, Count I seeks to resolve exactly the same issues as Count II of Blind Pass's Counterclaim, and, as such, Count I is redundant, does not serve a useful purpose, and should be dismissed. *See Braddy v. Infinity Assurance Ins. Co.*, No. 6:15-cv-119-Orl-28GJK, 2016 WL 1446202, at *1 (M.D. Fla. Apr. 11, 2016) ("[t]o promote judicial economy, a court should dismiss claims that are duplicative of other claims.")

### 3. Conclusion

As set forth above, Count I of Blind Pass's Counterclaim is redundant, does not serve a useful purpose and should be dismissed as duplicative of both Count II of Blind Pass's Counterclaim as well as Accelerant's Amended Counterclaim.

WHEREFORE, Accelerant respectfully requests that this Court dismiss Count I of Blind Pass's Counterclaim and grant any further relief the Court deems just and appropriate under the circumstances.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with counsel for Blind Pass in a good faith effort to resolve by agreement the issues raised in this Motion. Specifically, counsel for Accelerant conferred with counsel for Blind Pass on February 7, 2024, via telephone, and counsel for Blind Pass opposes the relief sought herein.

Dated: February 6, 2024.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Accelerant*
12 Southeast 7th Street, Suite 601
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

By: */s/ Christina R. Coizeau*
Charles S. Davant (Lead Counsel)
Florida Bar No. 15178
csd@davantlaw.com
Christina R. Coizeau
Florida Bar No. 1029105
crc@davantlaw.com